# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Civil Action No.: 8:17-cr-00676-JMC-11 |
| ) | |
| ) | |
| ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Jerry Lewis Thomason, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Jerry Lewis Thomason's Motion for Jail Credit for time served in Anderson County Detention Center from May 31, 2017, to July 28, 2017. (ECF No. 1072.) Defendant further moves to receive credit for time spent in Miracle Hill Overcomers intensive inpatient program from June 27, 2018, to December 23, 2018. (*Id*.) The Government agrees that Defendant should receive jail credit for the time served in Anderson County Detention Center and objects to Defendant receiving jail credit for the time spent in Miracle Hill Overcomers intensive inpatient program. (*Id*.) For the reasons set forth below, the court **DENIES** in part and **GRANTS** in part Defendant's Motion.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant was arrested by the Anderson County Sherriff's Office on May 31, 2017, on state charges. (ECF No. 596 at 17.) Defendant was then federally indicted by the Grand Jury for Conspiracy to Possess with Intent to Distribute Methamphetamine according to 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 851 (ECF No. 44) and arrested on such federal charges on July 26, 2017 (ECF No. 65).

1

On July 28, 2017, Defendant was released on bond. (ECF No. 85.) After pleading guilty to his federal charges (ECF No. 396), this court ordered Defendant to await sentencing at Miracle Hill Overcomers intensive inpatient program, where he stayed from June 27, 2018, to December 23, 2018 (ECF No. 666).

On October 30, 2019, the court sentenced Defendant to sixty (60) months in federal prison, followed by five (years) of supervised release. (ECF No. 1068.)

On November 11, 2019, Defendant filed the instant motion seeking jail credit for his time spent in Anderson County Detention Center from May 31, 2017, to July 28, 2017, as well as his time spent in Miracle Hill Overcomers intensive inpatient program from June 27, 2018, to December 23, 2018. (ECF No. 1072.)

## II. DISCUSSION

Although not cited in his Motion, Defendant essentially seeks jail credit under § 3585, which states:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

28 U.S.C. § 3585.

The court will not grant jail credit for Defendant's time served in Anderson County jail from May 31, 2017, to July 26, 2017. "A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court . . . Rather, the state retains primary

2

jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998).  Moreover, the Bureau of Prisons ("BOP"), via the Attorney General, is responsible for calculating the sentences of federal prisoners.  *United States v. Wilson*, 503 U.S. 329, 331 (1992).  Defendant did not enter the custody of this court until July 26, 2017.  Until that date, he was in custody for the charges he faced brought by the State of South Carolina.  South Carolina retained authority and control over Defendant until it dismissed his state charges on July 26, 2017.  Accordingly, the court will not grant jail credit for time served before Defendant was in the custody of the BOP for federal charges.

However, the court will grant jail credit for Defendant's time served between July 26, 2017, and July 28, 2017.  Defendant was in federal custody on these dates before posting bond.  Because Defendant was being detained for his federal charges before he was sentenced, he is entitled to jail credit.  Accordingly, the court will grant jail credit for time served between July 26, 2017, and July 28, 2017.

Lastly, the court will not grant jail credit to Defendant for his time served in Miracle Hill Overcomers intensive inpatient program from June 27, 2018, to December 23, 2018, while awaiting his sentencing.  Time spent at a treatment center while awaiting a federal sentence does not fall under the meaning of "official detention" as provided by 28 U.S.C § 3585(b).  *Reno v. Koray*, 515 U.S. 50, 65 (1995).  Because Defendant was on bond at Miracle Hill Overcomers intensive inpatient program, he was not in "official detention."  Thus, Defendant is not entitled to receive jail credit for his time spent at Miracle Hill Overcomers intensive inpatient program.

## III. CONCLUSION

For the reasons stated above, the court **GRANTS** Defendant's Motion only as to his request for jail credit for time served during July 26, 2017 to July 28, 2017, resulting in three (3) days of jail credit. The remainder of Defendant's Motion is **DENIED** with prejudice.

**IT IS SO ORDERED.**

United States District Judge

October 28, 2020
Columbia, South Carolina